UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA SANKOFA ASHANTI, | No. 2:24-cv-02647-DC-EFB (HC) |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, proceeding pro se, has filed a petition for writ of mandamus under 28 U.S.C. § 1651. In addition to the petition, he has requested leave to proceed in forma pauperis. ECF No. 2. Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, it is HEREBY ORDERED that leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Petitioner alleges that state and federal authorities have placed incorrect information about himself on the sex offender registries maintained by the state of California and the federal government. ECF No. 1. According to petitioner, the registries list an incorrect date of release for plaintiff's rape conviction and six aliases never used by petitioner (all of which are

combinations or slight alterations on the names petitioner uses currently or has used in the past).[1] *Id.* at 9-11. He asserts that these errors violate his rights to equal protection and due process under the federal Constitution. *Id.* He seeks a court order compelling state and federal authorities to correct the information presented on the California Megan's Law website and the federal Dru Sjodin National Sex Offender website. *Id.* at 11.

28 U.S.C. § 1651(a) provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and provisions of law." While a writ of mandamus may issue under the statute, "[m]andamus is an extraordinary remedy reserved for really extraordinary causes." *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010) (internal quotation marks omitted). To issue a writ of mandamus, a court must find: (1) the absence of any other means to attain relief, and (2) a clear and undisputable right to the issuance of the writ. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 381 (2004).

As an initial matter, § 1651 is not an appropriate vehicle for petitioner's claims, as the injunction requested by petitioner would not aid this or any other federal court in the exercise of its jurisdiction. In addition, the court lacks jurisdiction under § 1651 to issue the writ to state officials, as requested by petitioner. *Demos v. U.S. Dist. Ct.,* 925 F.2d 1160, 1161-62 (9th Cir. 1991); *Robinson v, Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998); *Thompson v. Circuit Ct. of Prince George's Cy.*, No. RWT-12-1091, 2012 U.S. Dist. LEXIS 77737, at *2 (D. Md. June 4, 2012) (finding that a federal court lacks jurisdiction to issue a writ of mandamus to state officials to compel correction of a sex offender registry). While petitioner also seeks to compel changes to the federal sex offender registry website, that site simply aggregates and refers to information provided on state registries; a search of petitioner's name on the federal site, for example, redirects the user to California's Megan's Law website. Thus, the parties responsible for the information on the federal site are state actors.

---

[1] Petitioner asserts that he has only ever used the names "Lorenzo Rennell Cunningham" and "Askia Sankofa Ashanti." ECF No. 1 at 12-13. The registry websites lists the following aliases that petitioner contends he has never used: (1) Askia Ashanti, (2) Lorenzo Cunningham, (3) Lorenz R. Cunningham, (3) Loranzo Rennell Cunningham, (4) Lorenz Rennell Cunningham, and (5) Ashanti Askia Sankofa. *Id.*

Moreover, even accepting petitioner's allegations as true and assuming the propriety of raising the claims under § 1651, the facts presented do not show that petitioner has no other means of attaining relief and a clear and undisputable right to issuance of the writ. First, an attachment to petition shows that, in response to petitioner's request, the web registries have already corrected the date of release for petitioner's rape conviction. ECF No. 1 at 18. The court also takes judicial notice of the Megan's Law and Dru Sjodin websites (which, again, simply redirects to the state site), which both show the correct release date. *See* https://www.nsopw.gov/search-public-sex-offender-registries (last checked July 2, 2025); https://meganslaw.ca.gov/NSOPMoreInfo?handler=OpenOffenderMoreInfo&id=1869503802113 (last checked July 2, 2025). This fact moots petitioner's claim regarding the release date and shows that there is at least one alternative to writ of mandamus (i.e., for petitioner to seek correction of the information on the registries by communicating directly with state officials). Petitioner does not indicate whether he has submitted a request to state officials concerning the listing of aliases on the registry. Another obvious alternative is a traditional state or federal civil lawsuit.

Second, petitioner's claims, accepting his allegations as true, do not present a clear and undisputable right to the order he seeks. As noted above, his claim concerning the release date was moot before the petition was filed, due to the correction by state authorities. *See also Givens v. Grau*, No. 12-CV-3212, 2012 U.S. Dist. LEXIS 128235, at *4-5 (C.D. Ill. Sept. 10, 2012) (correction of an error on the registry provides all process required by the Constitution). Even if officials were to refuse to correct the listing of aliases, plaintiff would not be entitled to relief under the allegations presented, because the United States Supreme Court has held that defamation or injury to reputation alone does not give rise to a due process claim – a litigant must also allege a tangible loss to their interests, which petitioner has not done. *Paul v. Davis*, 424 U.S. 693, 712 (1976); *Spady v. Hudson*, No. 06-427-SLR, 2008 U.S. Dist. LEXIS 20082, at *7-8 (D. Del. Mar. 14, 2008).

Nor do the facts alleged present a viable equal protection claim. To state an equal protection claim that is not based on membership in one of certain protected classes (e.g., race,

1  sex), a plaintiff must allege that similarly situated individuals were intentionally treated
2  differently without a rational basis for the difference in treatment. *Village of Willowbrook v.*
3  *Olech*, 528 U.S. 562, 564 (2000).  Such claims are often referred to as "class of one" equal
4  protection claims. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601-02 (2008)
5  (exempting certain discretionary government decisions from "class of one" equal protection
6  challenges).  (Plaintiff does not allege that he was intentionally discriminated against based on his
7  membership in a protected class, a different type of equal protection claim. See *City of Cleburne*,
8  473 U.S. at 440-41.)  While plaintiff alleges that other offenders have no aliases listed (ECF No. 1
9  at 12-13), there is no indication that this fact is the result of intentional discrimination with no
10 rational basis.

11 In essence, petitioner seeks an injunction directing officials to change the listing of aliases
12 on his entry in the sex offender database.  Because such a request is improperly made under §
13 1651, it is HEREBY RECOMMENDED that the petition for writ of mandamus be dismissed
14 without leave to amend, but without prejudice to any future suit petitioner may file seeking the
15 same relief, and petitioner's pending motions for summary judgment (ECF No. 6) and default
16 judgment (ECF No. 7) be DENIED.

17 These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
19 after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties.  Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
22 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
23 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25 Dated: August 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE